# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C.T. 898 PRODUCTS, INC., a California Corporation,<br>       *Plaintiff*,<br><br>     vs.<br><br>KASHI BEAUTY SUPPLY INC., a California Corporation; KASHI BEAUTY SUPPLY, LLC, a California Limited Liability Company; KIMBERLY CHI NGUYEN, an individual; and, DOES 1 through 10, inclusive,<br>       *Defendants*. | Case No: 2:22-cv-08818-JVS-MBK<br><br>**AMENDED JUDGMENT AFTER TRIAL** |

The remaining legal matters, including damages, came on regularly for jury trial between September 29, 2025, and October 2, 2025, in Courtroom 10C of this United States District Court. Plaintiff A.C.T. 898 Products, Inc. ("ACT 898"), was represented by Dariush G. Adli, Esq., and Ani Martirosian, Esq., of Adli Law Group P.C. Defendants Kashi Beauty Supply Inc., Kashi Beauty Supply, LLC, and Kimberly Chi Nguyen ("Kashi Beauty") were represented by Anthony B Cartee, Esq., of Cartee LC.

A jury of eight persons was regularly empaneled and sworn. Witnesses were sworn and testified, and exhibits were admitted into evidence. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury. The eight jurors deliberated and returned a verdict in pertinent part as follows:

1. Did Plaintiff ACT 898 prove that Defendants' trademark infringement and counterfeiting was intentional or willful? (see Jury Instruction No. 14).

    Yes__X___        No_____

2. What amount of statutory damages do you award Plaintiff ACT 898 based on its trademark infringement and counterfeiting claim? (see Jury Instruction No. 17).

    $_250,000_____

3. Did Plaintiff ACT 898 prove its claim for interference with economic relations? (See Jury Instruction No. 18).

    Yes__X___        No_____

4. Did Plaintiff ACT 898 prove its claim for conversion? (see Jury Instruction No. 19).

    Yes__X___        No_____

5. Did Plaintiff ACT prove by clear and convincing evidence that it is entitled to punitive damages for its California Trademark Infringement claim? (see Jury Instruction No. 20).

**AMENDED JUDGMENT AFTER TRIAL**

Yes__X___          No_____

6. Did Plaintiff ACT 898 prove by clear and convincing evidence that it is entitled to punitive damages for its Conversion claim?

Yes__X___          No_____

7. Did Plaintiff ACT prove by clear and convincing evidence that it is entitled to punitive damages for its Interference with Economic Relations Claim (see Jury Instruction No. 20).

Yes__X___          No_____

8. What amount of punitive damages do you award Plaintiff ACT 898 based on its California Claims?

$_175,000_____

On November 11, 2025, Defendants moved for a new trial.  (Dkt. No. 107.) The Court denied the motion for a new trial with respect to statutory damages and granted the motion for a new trial with respect to punitive damages, on the condition that ACT 898 did not accept a remittitur of $45,000.  (Dkt. No. 116.)  On December 24, 2025, ACT 898 accepted the remittitur.  (Dkt. No. 119.)

ACT 898 moved for attorneys' fees and costs.  (Dkt. No. 117.)  On February 18, 2026, the Court denied the award of attorneys' fees and granted the award of costs for $9,007.39.  (Dkt. No. 136.)

Now, therefore, pursuant to Rules 54, 58, and 65 of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment in this action be entered as follows:

1. Judgment is entered in favor of Plaintiff A.C.T. 898 Products, Inc., and against Defendants Kashi Beauty Supply Inc., Kashi Beauty Supply, LLC, and Kimberly Chi Nguyen in the amount of Two Hundred and Ninety-Five Thousand Dollars $295,000.

3

**AMENDED JUDGMENT AFTER TRIAL**

2. Consistent with the jury's verdict, Defendants Kashi Beauty Supply Inc., Kashi Beauty Supply, LLC, and Kimberly Chi Nguyen, and those acting in concert with them who have notice are permanently enjoined from the purchase, making, selling and offering for sale nail brushes with the "777" Mark that are not directly purchased form Plaintiff or do not originate from Plaintiff.

3. Plaintiff A.C.T. 898 Products, Inc., is entitled to $9,007.39 in costs.

DATED: February 19, 2026

_____
James V. Selna
United States District Judge

4

**AMENDED JUDGMENT AFTER TRIAL**